UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIBERTY INTERNATIONAL UNDERWRITERS CANADA,<br><br>        Plaintiff,<br><br>    v.<br><br><br>SCOTTSDALE INSURANCE COMPANY and INFINITY ACCESS LLC,<br><br>        Defendants. | Civil No. 12-4934 (NLH/JS)<br><br><br>**OPINION** |

**APPEARANCES:**

STEPHEN ALLEN LONEY, JR.
HOGAN LOVELLS US LLP
1835 MARKET STREET, 29th FLOOR
PHILADELPHIA, PA 19103

MARK C. GOODMAN (pro hac vice)
HOGAN LOVELLS US LLP
3 EMBARCADERO CENTER, 15TH FLOOR
SAN FRANCISCO, CA 94111
    *On behalf of plaintiff Liberty International*
    *Underwriters Canada*

GARY S. KULL
APRIL T. VILLAVERDE
CARROLL, McNULTY & KULL LLC
120 MOUNTAIN VIEW BLVD.
P.O. BOX 650
BASKING RIDGE, NJ 07920

LISA MARTIN LAMPKIN (pro hac vice)
SELMAN BREITMAN LLP
11766 WILSHIRE BOULEVARD, 6TH FL.
LOS ANGELES, CA 90025
    *On behalf of defendants Scottsdale Insurance*
    *Company and Infinity Access LLC*

**HILLMAN**, District Judge

Pending before the Court is the motion of plaintiff, Liberty International Underwriters Canada, asking the Court to reconsider its September 30, 2015 denial of cross-motions filed by plaintiff and defendants, Scottsdale Insurance Company and Infinity Access LLC, appealing the Magistrate Judge's resolution of a discovery dispute involving defendants' request for documents plaintiff claims are protected by the attorney-client privilege and work-product doctrine.  In a summary Order, this Court determined that the Magistrate Judge's decision was not "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A), when he determined that some of plaintiff's privileged documents should be produced to defendants.

On December 9, 2015, the Court held oral argument on plaintiff's motion for reconsideration.  While we remain unconvinced that the decision by the Magistrate Judge was "clearly erroneous or contrary to law," there is sufficient ambiguity regarding the application of In re Kozlov, 398 A.2d 882, 887 (N.J. 1979), and its progeny, to warrant remand.  Accordingly, for the reasons expressed on the record and below, plaintiff's motion will be granted, and the matter remanded to the Magistrate Judge for further consideration consistent with this Opinion.

## BACKGROUND and ANALYSIS

This action concerns Liberty's claims to recover from Scottsdale $1 million plus attorneys' fees that Liberty paid in November 2011 to settle a lawsuit where it was alleged that Liberty's insured, Tractel, Inc., started a fire at the Borgata Hotel, Casino and Spa in Atlantic City, New Jersey. Defendants contend that Liberty's lawsuit is barred by the terms of the settlement agreement Tractel entered into with Borgata. Previously, on defendants' motion for judgment on the pleadings where they argued that Liberty's claims against them must be dismissed because Liberty and Tractel assigned to Borgata all their rights to pursue any claims relating to the fire, this Court found that "[t]he fog of ambiguity surrounding the drafting of the assignment provision may no doubt clear during further discovery when the parties — and the Court — have more information available to them." (June 28, 2013 Opinion, Docket No. 46 at 38.)

Extensive discovery has been undertaken by the parties since the Court's Opinion over two years ago, and the current discovery dispute centers on defendants' insistence that they are entitled to see Liberty's communications with its attorneys and the attorneys representing Tractel regarding negotiations

3

over the terms of the Tractel/Borgata settlement agreement.[1] Liberty argues that the requested documents are protected and should not be produced, but the Magistrate Judge determined that some of the documents that can be considered as privileged nonetheless should be produced.

Both sides appealed the Magistrate Judge's decision.[2] Liberty argued that the circumstances of this case do not warrant the application of the very narrow exceptions allowing the disclosure of privileged and work-product documents. Defendants argued that all of Liberty's documents concerning the settlement agreement and assignment of rights, not the few allowed by the Magistrate Judge, should be produced to them, particularly because Liberty has put the documents "at issue,"

---

[1] In deciding defendants' motion for judgment on the pleadings, this Court was not provided with, and therefore did not consider, the settlement agreement between Tractel and Borgata. The Court noted that "it remains unclear whether Tractel, represented by LIU attorneys during settlement negotiations, had the authority and permission to include [Liberty] in the assignment provision of the stipulation and assignment agreement. According to [Liberty], counsel only sought to bind the subrogor, Tractel." (Docket No. 46 at 37.)

[2] A United States magistrate judge may hear and determine any non-dispositive pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A), and a district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

and because the documents are not actually privileged.[3]  More specifically, defendants argued that the plain language of the settlement agreement "says what it says" – that Tractel and Liberty agreed to assign all rights they might have against other parties in the case, including Infinity Access, to Borgata.  Defendants further argued that if Liberty's contention that the settlement and assignment agreement does not "say what it says," Liberty should be required to provide all of the documents relating to the execution of the settlement agreement because Liberty's position has placed its attorney-client communications "at issue."

    In response, Liberty argued that its answers to questions regarding what it authorized Tractel to do, and Tractel's testimony about what it understood it was doing, simply do not require confirmation through the advice, opinions, impressions or communications of attorneys for both Liberty and Tractel regarding all things "relevant to" Tractel's settlement, and that such discovery would irreparably harm the notions of privilege and the relationship between an insurer and its

---

[3] Defendants also argued that because Liberty and Tractel each had their own independent counsel who argued over the terms of the settlement agreement, and because Liberty stated in its complaint that it agreed to defend Tractel subject to a reservation of rights, no tripartite relationship existed that would implicate the attorney-client privilege.  Liberty refutes defendants' characterization.  The Court does not need to consider this argument at this time.

5

insured.

The Magistrate Judge performed a "painstaking" in camera review of the documents plaintiff is withholding on the grounds of privilege and work-product. (Docket No. 115 at 6.) The documents included the emails and draft agreements the interested parties exchanged from August to November 2011 regarding the terms of the Settlement Agreement that was eventually signed on November 22, 2011. The Magistrate Judge noted, "It is evident from the documents that Robert Philpott [plaintiff's Assistant Vice-President/Casualty Claims Officer] played the key role for Liberty regarding Liberty's input into the Tractel/Borgata settlement terms. During the key time period Philpott exchanged emails and draft agreements with various individuals regarding the settlement terms, including Tractel's assigned defense counsel, Infinity's counsel, and Liberty's own counsel." (Id.)

The Magistrate Judge accurately set forth and considered the law governing the purpose and application of the attorney-client privilege, as well as the circumstances of when the privilege can be pierced. Citing In re Kozlov, 398 A.2d 882, 887 (N.J. 1979), the Magistrate Judge noted that the attorney-client privilege may be pierced where (1) there is a legitimate need for the requested information, (2) the information is relevant and material, and (3) the information could not be

6

obtained from a less intrusive source. Kozlov, 398 A.2d at 887.

However, the Kozlov test has not been applied as broadly as its own language suggests. Those courts applying Koslov have recognized, despite the plain language of the test, that merely needing relevant and material information not available from other sources is insufficient standing alone to warrant the disclosure of otherwise privileged matters. The Magistrate Judge noted this as well: "[g]iven the importance of the attorney-client privilege, . . . merely because privileged information is relevant does not necessarily require that it be produced." (Docket No. 115 at 9-10.) Instead, the circumstances must be so grave or compelling that the "privilege must yield to the most fundamental values of our justice system." (Id. citing Matter of Nackson, 555 A.2d 1101, 1106 (1989); ACBBBits, LLC v. 550 Broad Street, L.P., 2011 WL 5838737, at *8 (N.J. Super. Ct. App. Div. Nov. 22, 2011).)

Under these precepts, the Magistrate Judge found that he was "left with the firm conviction that fairness dictates that some of plaintiff's privileged and work-product documents be produced, and that defendants have a substantial need for these documents that are not otherwise available in discovery." (Id. at 10-11.) After describing the deposition testimony of Philpott with regard to the creation of the assignment agreement, the Magistrate Judge "believe[d] that additional

7

documents should be produced in order to give defendants a clearer picture of what went on. Given the stakes in the case and Philpott's important role and self-interest, defendants should not have to accept Philpott's testimony at 'face value,' especially since he could not remember important details regarding his communications in 2011." (Id. at 13.)

At oral argument on plaintiff's motion for reconsideration of the Court's affirmance of the Magistrate Judge's decision, it became evident that this Court could not discern with sufficient certainty what compelling and grave circumstances warranted the piercing of the privilege. While it is clear that the Magistrate performed a detailed and exhaustive review of the relevant documents in a manner respectful of the importance of the privilege (and only granted a limited disclosure), and may have indeed found such circumstances, the Opinion could be interpreted as applying a simple balancing test between need and fairness. If so, this would have been an overbroad application of the Koslov and its progeny.

Case law has developed three limited predicates where fairness dictates that the privilege should be pierced: (1) when the nature of the claims place the content of confidential communications "at issue"; (2) to protect the constitutional rights of an accused; and (3) when the client "calls his attorney to the stand." United Jersey Bank v. Wolosoff, 483

8

A.2d 821, 827 (N.J. Super. App. Div. 1984) (citing cases).

The second and third predicates do not apply here, and the Magistrate Judge's decision does not explicitly state that the privilege afforded to plaintiff's materials regarding the assignment agreement was waived because the claims in the case put the content of those materials "at issue." Instead, the decision focuses on defendants' ability to get a "fair and complete" picture of what transpired with regard to the assignment agreement in order for defendants to assert their defense to plaintiff's claims against them. It is unclear to this Court whether these circumstances satisfy the predicate event of a claim placing the content of the privileged material directly in issue.

Where the "information sought is highly germane to a critical issue raised by the party seeking to invoke" the privilege, it has been held that the privileged is waived. Wolosoff, 483 A.2d at 828. The Magistrate Judge's decision is silent as to whether plaintiff has waived its privilege because the information sought by defendants is "highly germane" to a critical issue raised by plaintiff. The decision is also silent as to whether a defendant's defense can meet the "at issue" waiver criteria.[4]

---

[4] This line of cases does not clearly apply to the discovery dispute in the matter although it may by analogy. A party who

Consequently, this Court will grant plaintiff's motion for reconsideration and amend the Order denying the parties' cross-appeals of the Magistrate Judge's decision.  In order to allow the Magistrate Judge to more fully explain his findings and the application of the Koslov test, as modified by subsequent decisions, to the unique facts of the case, the Court will remand the matter to the Magistrate Judge so that he may more explicitly articulate whether the predicate circumstances necessary to pierce the attorney-client privilege exist in this matter.  This Court expresses no view on the outcome of such a review.

An appropriate Order will be entered.


Date: December 29, 2015              s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

brings a claim that implicates its own privilege can be said to waive that privilege by placing the privilege "at issue."  A common example is a plaintiff who brings a malpractice claim against a lawyer.  Here, however, defendant seeks to pierce the plaintiff's privilege by asserting a defense that focuses on plaintiff's relationship with a third party - its insured - wholly independent of any action taken by defendant.  Whether plaintiff's claim that it did not know of or otherwise authorize its insured's purported release of its subrogation rights against defendant (an argument not part of its affirmative case but made in response to defendant's affirmative defense that it had) is sufficient to place the contents of the admittedly privileged communications "at issue" is a matter for the Magistrate Judge to resolve in the first instance on remand.