[Doc. No. 157]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

LIBERTY INTERNATIONAL
UNDERWRITERS CANADA,

                    Plaintiff,          Civil No. 12-4934 (NLH/JS)

        v.

SCOTTSDALE INSURANCE COMPANY,
et al.,

                    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiff's "Motion to Quash and/or Preclude Issuance of Subpoenas" [Doc. No. 157]. The Court received defendants' response [Doc. No. 166], plaintiff's reply [Doc. No. 170], and held oral argument on February 15, 2016. For the reasons to be discussed, plaintiff's motion is GRANTED.

Background

The Court will not summarize in detail the relevant fact background which is well known to the parties. Plaintiff is seeking to recover from defendants Scottsdale and Infinity $1 million plus $769,383.58 in attorneys' fees that it paid in November 2011 to settle the Borgata Fire Litigation wherein it was alleged that Liberty's insured, Tractel, was a cause of the September 23, 2007 fire. Before the fire the owners of the

1

Borgata hired Tractel to install window washing scaffolding and thereafter Tractel subcontracted the work to Infinity. After Borgata and Tractel settled for $1 million a Joint Stipulation of Dismissal was filed with the Superior Court of New Jersey on or about November 30, 2011. The Joint Stipulation provided that Tractel and its insurers assigned to the Borgata their claims and causes of action related to the September 23, 2007 fire. Defendants argue plaintiff lacks standing to pursue this lawsuit because of the assignment. Plaintiff argues it did not authorize the assignment. Tractel and the Borgata also entered into a final Settlement Agreement signed on November 22, 2011. Infinity settled the fire litigation in November 2012. In this lawsuit plaintiff argues Infinity should indemnify and hold Tractel harmless. Plaintiff also argues Scottsdale agreed to insure Tractel as an indemnitee of Infinity. Brief at 21.

Defendants' subpoenas are directed to the lawyers and firms involved in the Borgata/Tractel settlement. In defendants' words they are entitled to discovery from coverage counsel, defense counsel and plaintiff's counsel about their non-privileged communications with Scottsdale, Tractel and LIU. Brief at 3. During the fire litigation Tractel was represented by Dennis R. Withers ("Withers"), LLP, David Azotea, Esquire ("Azotea"), and Glenn Callahan, Esquire, ("Callahan"). LIU also retained coverage counsel for itself, David Gabianelli, Esquire, then

with Squire Sanders (US), LLP. Withers was employed with the Robins Kaplan, LLP, law firm during the fire litigation.

To date, defendants have issued six (6) subpoenas seeking depositions of four (4) attorneys, and litigation files from three (3) law firms. These are:

1.    Deposition subpoena to David Gabianelli, Esquire, San Francisco, CA. Witness asked to produce his entire Borgata fire file.

2.    Document subpoena to Squire Sanders, San Francisco, CA. Witness asked to produce its entire Borgata fire file.

3.    Document subpoena to Robins Kaplan, New York NY. Witness asked to produce its entire Borgata fire file.

4.    Deposition subpoena to Dennis R. Withers, Esquire, Atlanta, GA. Withers asked to produce his entire Borgata fire file. (Lead defense counsel).

5.    Deposition subpoena to David J. Azotea, Esquire, Atlantic City, NJ. Azotea asked to produce his entire Borgata fire file. (Local counsel).

6.    Deposition subpoena to Glenn P. Callahan, Esquire, Philadelphia, PA. Callahan asked to produce his entire Borgata fire file. (Local counsel).

Defendants also intend to issue similar subpoenas to Borgata's lawyers.

Substantial discovery has already taken place in the case. Insofar as plaintiff is concerned, it has already produced for deposition its Rule 30(b)(6) witness (two times), its V.P. of Casualty Insurance, its V.P. of Claims, and a representative of Tractel. Plaintiff also produced Tractel's documents and all non-privileged documents concerning the contracts at issue in

the litigation, plaintiff's claim file, plaintiff's underwriting file, and documents and communications regarding the fire litigation and the Tractel settlement and negotiations. In addition, plaintiff produced unredacted copies of the legal invoices for defense costs incurred on behalf of Tractel. Brief at 4-6.

To support its motion plaintiff argues: (1) if not already produced, the requested discovery is available from less intrusive means than an attorney; (2) the burden of the proposed discovery outweighs its importance; (3) defendants already have the discovery they need; (4) the requested discovery is excessive and cumulative; and (5) defendant has no right to challenge the reasonableness and amount of Tractel's settlement. In opposition defendants argue: (1) they are seeking relevant non-privileged information not produced in discovery; (2) the non-privileged information they seek is not available from other sources; and (3) depositions of attorneys on important fact questions are not barred.

Discussion[1]

---

[1] Defendants have questioned whether the Court may address subpoenas that have not yet been served or issued. The answer is clearly yes. The Court has authority to limit discovery "on its own" pursuant to Rule 26(b)(2)(C). It is a wasteful exercise to wait until defendants serve their subpoenas on the Borgata's lawyers to quash Borgata's depositions. See Rule 1 (the federal rules shall be administered to secure the just, speedy, and inexpensive determination of every action and proceeding).

The Court agrees with the parties that depositions of attorneys are not necessarily off limits. As the Court noted in Costantino v. City of Atlantic City, C.A. No. 13-6667 (RBK/JS), 2014 WL 12607724, at *3 (Dec. 16, 2014), although there is no prohibition against taking the depositions of counsel, courts closely scrutinize the requests. Courts examine three factors to decide if an attorney's deposition should go forward: (1) whether the proposed deposition focuses on central factual issues rather than peripheral concerns; (2) availability of the requested information from other sources; and (3) harm to the party's represented rights. Johnston Development Group, Inc. v. Carpenters Local Union No. 1578, 130 F.R.D. 348, 353 (D.N.J. 2014; Stepanski v. Sun Microsystems, Inc., No. 2700, 2011 WL 8990579, at *18 (D.N.J. Dec. 9, 2011)(citation omitted). Further, depositions of attorneys are not divorced from the requirements in Rule 26(b) that are applicable to all discovery. Thus, the benefit of the requested discovery must be proportional to its burden and expense. Under amended Rule 26, relevancy alone is not sufficient to obtain discovery. The requested discovery must also be proportional to the needs of the case. In re Bard Filters Prod. Liab. Litig., 317 F.R.D. 562, 564-65 (D. Ariz. Sept. 16, 2016).

On the whole the Court finds that the burden and expense of the requested discovery outweighs its likely benefit. The Court

also finds that the three <u>Johnston</u> factors weigh in plaintiff's favor. Thus, plaintiff's motion to quash defendants' subpoenas will be granted.

    1.   <u>Defense Counsel</u>

Defendants have identified several areas they want to cover at defense counsel's depositions. One area defendants want to explore is the reasonableness of Tractel's settlement. The Court finds that defendants already have sufficient discovery to evaluate Tractel's settlement. Defendants have plaintiff's complete non-privileged Borgata fire litigation file relating to Tractel and its own complete fire file relating to Infinity. Defendants are privy to the same material facts Tractel knew about when Tractel had to decide whether to settle for $1 million. Additional attorney depositions will not add any material facts to this analysis. The Court is not required to indulge defendants and give it discovery on every conceivable issue that arises in the case. As the Court noted in <u>In re: Benicar (Olmesartan Products Liability Litigation)</u>, Master Dkt. No. 15-2606 (RBK/JS), 2016 WL 5817262, at *5 (D.N.J. Oct 4, 2016):

> If the Court permitted depositions to be taken to answer every conceivable question litigants raise, and fill every "gap" a party raises, discovery would never end. Moreover, the Court would be abdicating its role to efficiently manage the litigation. <u>See</u> Fed. R. Civ. P. 26(b)(1) Advisory Committee Note to 2015 Amendment. ("The parties and the court have a collective responsibility to consider the proportionality of all

discovery and consider it in resolving discovery disputes").

Defendants argue they want Tractel's counsel's status reports. If any part of these reports are non-privileged, they should have already been produced. However, the Court suspects the bulk of the reports are protected by the attorney-client privilege and/or work-product doctrine. Defendants provide no support for their argument that plaintiff waives its privileges by seeking coverage for Tractel under Scottsdale's policy.

The Court is also cognizant of the fact that defendants' subpoenas will undoubtedly raise objections from the attorneys and law firm recipients based on privilege and burdensomeness grounds. These objections will further bog down this protracted litigation. Since the attorney depositions are unlikely to provide defendants with any new material fact information relevant to the reasonableness of Tractel's settlement, the cost and burden to respond to the subpoenas will be substantial. The subpoenas will also further bog down the case in motion practice. Accordingly, the subpoenas will be quashed. The burden and expense of the requested attorney depositions is disproportional to their likely benefit.

Defendants also want to depose defense counsel about the reasonableness of their bills. Defense counsel's unredacted bills speak for themselves about what they spent time on and how much time was spent. Defendants have not identified a single

specific area they have concerns about. The Court finds that depositions of defense counsel regarding their bills will not add material new information to what defendants already know about the bills. In re Benicar, supra. Further, the burden and expense of the depositions regarding counsel's bills will substantially outweigh the likely benefit to be derived from the depositions. The fact that the reasonableness of defense counsel's bills is a sideshow is evidenced by the fact that the bill issue was raised at the tail end of discovery and has not been an issue in the previous 4 1/2 years of the case.

Defendants also want to inquire about non-privileged communications between defense counsel and plaintiff. Brief at 3. Since defendants do not identify what these communications are, and the Court is at a loss to evaluate their relevance and importance, the request to depose defense counsel about this open-ended area is denied. Defendants already had an opportunity to question plaintiff and Tractel about these non-privileged areas at their depositions.

To be clear, it is no secret the main reason defendants' want to depose defense counsel is to question them about whether plaintiff authorized the Borgata settlement and/or assignment with Tractel. However, the Court has already ruled this area involves privileged communications between plaintiff and its defense counsel. On December 8, 2016 [Doc. No. 142], the Court

held that plaintiff did not waive its privilege. The Court reiterated its finding when it denied defendants' Motion for Reconsideration on January 25, 2107. [Doc. No. 159]. Given that the documents exchanged amongst plaintiff and defense counsel regarding their settlement discussions are privileged, testimony regarding the same subject area is also privileged.

The Court is not oblivious to defendants' frustration about not obtaining discovery regarding plaintiff's privileged communications. No doubt the discovery is relevant to key issues in the case. Nevertheless, the Third Circuit has held that even if facts are "vital, highly probative, and directly relevant or go to the heart of an issue," this does not justify a privilege waiver. Rhone-Poulenc Rorer, Inc. v. Home Indemn. Co., 32 F.3d 851, 863 (3d Cir. 1994). The Court will quash defendants' subpoenas directed to Tractel's defense counsel on the same ground the Court denied defendants' request for Tractel's settlement documents.[2] Thus, plaintiff's motion requesting to quash the subpoenas directed to Tractel's defense counsel is granted.

2.   Plaintiff's Coverage Counsel

Defendants' request to depose plaintiff's coverage counsel is denied for the same reasons already explained. The

---

[2] Defendants are appealing the Court's denial of its Motion for Reconsideration. [Doc. No. 171]. If the Court's decision is reversed it may be compelled to revisit this Order.

depositions will inevitably raise privilege issue and the Court has already ruled that the crux of what defendants want to question counsel about is privileged.

3.   Borgata's Counsel

Defendants' request for the files and testimony of Bogota's attorneys is also denied. To the extent plaintiff wants the facts Borgata relied upon to evaluate the Tractel settlement, these facts are already known by defendants. To the extent defendants want to explore Borgata's settlement strategy and why and how they structured the settlement (Brief at 15), the testimony is plainly privileged and off-limits to defendants' discovery. Thus, plaintiff's motion requesting to quash the subpoenas directed to Borgata's lawyers and law firm is granted.

Conclusion

For the foregoing reasons, the Court will grant plaintiff's Motion to Quash. Having been intimately involved in the long history of the case, the Court is well-equipped to exercise its broad discretion to manage the docket and to decide the appropriate scope of discovery. Allstate Life Ins. Co. v. Stillwell, C.A. No. 15-8251 (AET) 2017 WL 557336, at *2 (D.N.J. Feb. 10, 2017)(citations omitted). The Court finds that the burden and expense of the proposed attorney depositions is disproportionate to the likely benefit to be derived from the depositions. Defendants already have the non-privileged

information they seek, and the other information defendants seek to obtain is privileged.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 23rd day of February, 2017, that plaintiff's Motion to Quash is GRANTED; and it is further

ORDERED as follows:

1.   The subpoenas plaintiff issued to Gabianelli, Squire Sanders, Robins Kaplan, Withers, Azotea and Callahan are QUASHED. To the extent the subpoenas have already been served, defendants shall notify these persons/entities of this ruling within three (3) days of the entry of this Order.

2.   Defendants are barred from issuing the proposed deposition and document subpoenas to the Borgata's lawyers and law firm.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge