```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LIBERTY INTERNATIONAL UNDERWRITERS CANADA,<br><br>        Plaintiff,<br><br>    v.<br><br><br>SCOTTSDALE INSURANCE COMPANY and INFINITY ACCESS LLC,<br><br>        Defendants. | Civil No. 12-4934 (NLH/JS)<br><br>**OPINION** |

**APPEARANCES:**

STEPHEN ALLEN LONEY, JR.
HOGAN LOVELLS US LLP
1835 MARKET STREET, 29th FLOOR
PHILADELPHIA, PA 19103

MARK C. GOODMAN (pro hac vice)
HOGAN LOVELLS US LLP
3 EMBARCADERO CENTER, 15TH FLOOR
SAN FRANCISCO, CA 94111
    *On behalf of plaintiff Liberty International*
    *Underwriters Canada*

GARY S. KULL
APRIL T. VILLAVERDE
CARROLL, McNULTY & KULL LLC
120 MOUNTAIN VIEW BLVD.
P.O. BOX 650
BASKING RIDGE, NJ 07920

LISA MARTIN LAMPKIN (pro hac vice)
SELMAN BREITMAN LLP
11766 WILSHIRE BOULEVARD, 6TH FL.
LOS ANGELES, CA 90025

*On behalf of defendants Scottsdale Insurance
Company and Infinity Access LLC*

**HILLMAN, District Judge**

This action concerns claims by Plaintiff, Liberty International Underwriters Canada ("Liberty" or "LIU")), against Defendants, Scottsdale Insurance Company ("Scottsdale") and Infinity Access LLC ("Infinity"), to recover $1 million plus attorneys' fees. Liberty paid the principal funds in November 2011 to settle a lawsuit which alleged that Infinity, a subcontractor to Liberty's insured Tractel, LTD., started a fire at the Borgata Hotel, Casino and Spa in Atlantic City, New Jersey.[1]

Liberty claims that Scottsdale and Infinity had a duty to defend and indemnify Tractel for the underlying litigation and that Liberty should be reimbursed for all amounts it paid and expenses incurred in conjunction with the underlying litigation. Defendants argue, among other defenses, that the settlement agreement between Tractel and Borgata purportedly contained an assignment of rights provision in which Liberty agreed to assign any of its claims arising out of the Borgata litigation, including its claims against Infinity and Scottsdale, to

---

[1] The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

2

Borgata. Currently pending is Infinity's motion for summary judgment on Liberty's claims against it.[2]

On June 28, 2013, this Court issued an Opinion denying Infinity's motion for judgment on the pleadings. (Docket No. 46.) Infinity's current motion for summary judgment argues that the Court's June 28, 2013 decision warrants the entry of judgment in its favor for the following reasons:

> 1. This Court held that LIU has two potential avenues of recovery against Infinity – equitable subrogation, or equitable indemnity and contribution;
>
> 2. This Court held that LIU cannot maintain a subrogation claim against Infinity, because Tractel assigned its rights to pursue Infinity to Borgata;
>
> 3. This Court held that LIU cannot maintain an equitable contribution or indemnity claim against Infinity, because LIU and Infinity are not co-insurers of Tractel and they do not have a contractual relationship; and,
>
> 4. Even if LIU was not otherwise precluded from maintaining those claims against Infinity by the law and based on this Court's rulings, LIU nevertheless cannot maintain them against Infinity because LIU itself assigned to Borgata all its rights to make any claim against Infinity. This final ground is an independent basis on which to grant this motion.

(Docket No. 188 at 5.)

---

[2] Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

In response, Liberty argues that even though this Court opined on the remedies available to Liberty as Tractel's insurer, this Court's discussion was dicta because the Court ultimately concluded that the "fog of ambiguity" over the settlement and assignment of rights, the lack of clarity regarding whether the Liberty policy contained an anti-assignment or other similar provision that would have barred the assignment of rights, and the lack of the availability of the actual insurance policies for the Court's review rendered the dismissal of Liberty's claims against Infinity premature. Therefore, Liberty argues that the Court did not make the conclusions of law that Infinity contends serve as the "law of the case."

Liberty also points out that in its Opinion this Court presumed that Tractel invoked the subrogation provision of the policy when it tendered its defense to Borgata's claims against it, when the evidence obtained through discovery shows that Liberty actually funded Tractel's defense under the indemnification provision. Further, Liberty points out that this Court presumed that Liberty selected Tractel's counsel, while the evidence now shows that Tractel hired its own counsel to defend it in the Borgata litigation.

When the Court issued its June 28, 2013 Opinion, the matter was in the early stages of discovery, and the Court only

considered Liberty's complaint and the stipulation of dismissal and assignment of claims filed in the underlying state court action.  Since then, more than four years of comprehensive, and contentious, discovery has been conducted.  That discovery, and the posture in which this Court may again assess Liberty's claims against Infinity, completely changes the landscape from the limited information before the Court in June 2013.

As an over-riding matter, the Court's prior Opinion did not set forth the "law of the case" as argued by Infinity because ultimately the Court concluded that all of Liberty's claims were viable to proceed past the initial pleading stage.  The law of the case doctrine "'expresses the practice of courts generally to refuse to reopen what has been decided.'"  Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997) (quoting Messenger v. Anderson, 225 U.S. 436, 444 (1912)).  Even though "the law of the case doctrine does not limit the power of trial judges to reconsider their prior decision," id., here the Court does not need to reconsider the June 2013 decision because the law of the case doctrine acts to preclude review of only those legal issues that the Court actually decided, either expressly or by implication - it does not apply to dicta.  In re City of Philadelphia Litigation, 158 F.3d 711, 718 (3d Cir. 1998).  Although the Court expressed skepticism over the viability of Liberty's claims against Infinity, the Court concluded that they

5

were sufficient to proceed through discovery. Thus, the Court did not determine affirmatively or conclusively that Liberty's claims were barred under any legal principals.

Even if this Court's analysis was not classified as dicta, however, the Court finds that Liberty has presented substantive evidence gathered through discovery that refutes the premises relied upon by the Court in its analysis of Liberty's claims. The purpose of the doctrine is "[t]o preclude parties from contesting matters that they have had a full and fair opportunity to litigate[, which] protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Arizona v. California, 460 U.S. 605, 619 (1983).

Accordingly, the Third Circuit has recognized several "extraordinary circumstances" that warrant a court's reconsideration of an issue decided earlier in the course of litigation: (1) where new evidence is available; (2) where a supervening new law has been announced; or (3) where the earlier decision was clearly erroneous and would create manifest injustice. Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116-17 (3d 1997) (citation omitted).

Here, all the evidence presented in Liberty's opposition to

Infinity's motion, including evidence that most likely would have affected this Court's analysis of Liberty's claims in June 2013, compels the reanalysis of Liberty's claims against Infinity at the current stage in the case. Even though the Court may ultimately come to the same conclusion as its analysis in the June 2013 decision, the Court must view them in the summary judgment context so that Liberty has a full and fair opportunity to litigate its claims against Infinity.

In that context, a party moving for summary judgment has the burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party has the burden of identifying specific facts and affirmative evidence that contradict those offered by the moving party, and the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Infinity's current motion does not follow that procedure and essentially relies upon the Court's prior decision as evidence of the absence of genuine issue of fact as to Liberty's claims against it. That course is not proper in this case. The Court will therefore deny Infinity's motion, but afford it leave to file a summary judgment motion under Rule 56(a) arguing how at this stage of the case with discovery concluded it is

7

entitled to judgment in its favor on Liberty's claims against it.

An appropriate Order will be entered.


Date: September 29, 2017          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.