**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LIBERTY INTERNATIONAL UNDERWRITERS CANADA, <br>       Plaintiff, <br><br> v. <br><br><br> SCOTTSDALE INSURANCE COMPANY and INFINITY ACCESS LLC, <br>       Defendants. | Civil No. 12-4934 (NLH/JS) <br><br> **AMENDED MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**

STEPHEN ALLEN LONEY, JR.
HOGAN LOVELLS US LLP
1835 MARKET STREET, 29th FLOOR
PHILADELPHIA, PA 19103

MARK C. GOODMAN (pro hac vice)
HOGAN LOVELLS US LLP
3 EMBARCADERO CENTER, 15TH FLOOR
SAN FRANCISCO, CA 94111
    *On behalf of plaintiff Liberty International*
    *Underwriters Canada*

GARY S. KULL
APRIL T. VILLAVERDE
CARROLL, McNULTY & KULL LLC
120 MOUNTAIN VIEW BLVD.
P.O. BOX 650
BASKING RIDGE, NJ 07920

LISA MARTIN LAMPKIN (pro hac vice)
SELMAN BREITMAN LLP
11766 WILSHIRE BOULEVARD, 6TH FL.
LOS ANGELES, CA 90025
    *On behalf of defendants Scottsdale Insurance*
    *Company and Infinity Access LLC*

**HILLMAN**, District Judge

WHEREAS, pending before the Court is the motion of Defendants, Scottsdale Insurance Company and Infinity Access LLC, seeking leave to appeal the Magistrate Judge's resolution of a discovery dispute involving Defendants' request for documents that Plaintiff, Liberty International Underwriters Canada ("Liberty"), claims are protected by the attorney-client privilege and work-product doctrine[1]; and

WHEREAS, the dispute over these documents has been before this Court twice before:

First, on the cross-motions by Liberty and Defendants Scottsdale Insurance Company and Infinity Access LLC appealing the Magistrate Judge's decision that some of Liberty's privileged documents should be produced to Defendants, where in a summary Order this Court determined that the Magistrate Judge's decision was not "clearly erroneous or contrary to law" (Docket No. 128); and

Second, on Liberty's motion asking the Court to reconsider its denial of the parties' cross-motions, where the Court held

---

[1] This action concerns claims by Liberty against Defendants, Scottsdale Insurance Company and Infinity Access LLC, to recover $1 million plus attorneys' fees that Liberty paid in November 2011 to settle a lawsuit where it was alleged that Infinity, a subcontractor to Liberty's insured Tractel, LTD., started a fire at the Borgata Hotel, Casino and Spa in Atlantic City, New Jersey. Defendants contend, among other defenses, that Liberty's lawsuit is barred by the terms of the settlement agreement Tractel entered into with Borgata.

oral argument and subsequently determined that the issue warranted remand, explaining that even though the Court remained unconvinced that the decision by the Magistrate Judge was "clearly erroneous or contrary to law," there was sufficient ambiguity regarding the application of In re Kozlov, 398 A.2d 882, 887 (N.J. 1979), and its progeny, to warrant remand in order to allow the Magistrate Judge to more fully explain his findings and the application of the Koslov test, as modified by subsequent decisions, to the unique facts of the case, and so that he may more explicitly articulate whether the predicate circumstances necessary to pierce the attorney-client privilege exist in this matter (Docket No. 137); and

WHEREAS, the Magistrate Judge followed this Court's direction, having determined that Kozlov did not require that Liberty's privilege be pierced because it did not explicitly or implicitly waive its privilege and because Liberty did not place advice of counsel "at issue," and the Magistrate Judge reversed his prior order directing that the privileged documents be produced to Defendants (Docket No. 142); and

WHEREAS, Defendants filed a motion before the Magistrate Judge seeking reconsideration of his decision deeming Liberty's documents as privileged, and on January 25, 2017, the Magistrate Judge denied Defendants' motion, reiterating that Liberty did not affirmatively place the settlement agreement "at issue" but

3

was merely seeking to defend Defendants' affirmative defense, which is that the settlement agreement is valid and bars Liberty's claims against them (Docket No. 159); and

WHEREAS, Defendants have brought the issue before this Court for a third time in their instant motion for leave to appeal the Magistrate Judge's January 25, 2017 decision; and

WHEREAS, Defendants argue that the Magistrate Judge erred when he determined that Liberty did not place the settlement agreement "at issue," and that Liberty did not rely upon communications with counsel; and

WHEREAS, in their motion, Defendants disagree with the Magistrate Judge's reversal of his decision that had originally directed Liberty to produce some of its privileged documents; and

WHEREAS, the Magistrate Judge having recognized Defendants' disappointment of his changed decision:

> The Court is not oblivious to defendants' frustration. In fact, as early as December 10, 2014, the Court wrote that fairness dictates that some of plaintiff's privileged documents be produced and defendants have a substantial need for the documents. However, based on recent cases interpreting Kozlov, fairness and need is not enough to justify the production of privileged information. Essentially the same ruling applies to the "at issue" waiver doctrine because the Third Circuit has held that even if facts are "vital, highly probative, and directly relevant or go to the heart of an issue," this does not justify a privilege waiver. Instead, only if plaintiff affirmatively interjects privileged communications into the case does an implied waiver occur. This has not occurred here for two main reasons. One, defendants and not plaintiff raised the assignment issue as an affirmative

defense. Two, plaintiff has affirmatively represented it
will not rely on privileged communications. Further, the
Court agrees with plaintiff that "[p]roducing witnesses to
testify – in response to Infinity's arguments – that
Plaintiff did not authorize assignment of its rights is
simply not the same as affirmatively relying on privileged
communications that might 'memorialize' the underlying
facts." Thus, [Liberty's corporate representative's]
minimal deposition testimony that defendants rely upon does
not waive plaintiff's privilege. Further, to repeat,
plaintiff has affirmatively stated in its brief and at oral
argument that it will not rely on privileged communications
to defend defendants' assignment defense. This further
buttresses the holding that plaintiff is not placing its
privileged communications at issue.

(Docket No. 159 at 13-14 (internal citations omitted).)[2]; and

---

[2] The Magistrate Judge also noted:

> The Court expects that substantial trial evidence disputes
> will occur when plaintiff supports its defense at trial by
> stating it did not authorize Tractel's assignment.
> However, those issues are not presently before the Court.
> The Court accepts plaintiff's representation that it will
> not rely on privileged communications and bases its
> decision in large part on plaintiff's admission. Plaintiff
> will have to live with the consequences of its strategic
> position. On the one hand plaintiff cannot represent it
> will not rely on privileged communications for discovery
> purposes, but then rely on the same communications at
> trial. Plaintiff also cannot refuse to reveal privileged
> communications on direct examination but reveal them on
> cross-examination. At trial, plaintiff will have to accept
> whatever consequences flow from its steadfast resistance to
> producing discovery regarding the communications between
> and amongst its counsel regarding the assignment.
> Plaintiff cannot pick and choose which privileged
> communications it will reveal.

(Docket No. 159 at 16.)

Summary judgment motions filed by Liberty and Scottsdale
are currently being briefed. (See Docket No. 214, 219.) Should
the concerns expressed by the Magistrate Judge arise during the
resolution of the parties' summary judgment motions or potential
trial, the Court may revisit the privileged documents issue if

5

WHEREAS, the Court notes, as before, that a district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); and

WHEREAS, this Court has reviewed the Magistrate Judge's two decisions issued after this Court remanded the matter to him for further consideration; and

WHEREAS, the Court finds that the Magistrate Judge's decision was not "clearly erroneous or contrary to law" because in the context the Magistrate Judge issued his January 25, 2017 decision – during the discovery process – he applied the correct legal standard to the unique facts of this case in accord with In re Kozlov, 398 A.2d 882, 887 (N.J. 1979);

Accordingly,

IT IS on this __6th__ day of __October__, 2017

ORDERED that the MOTION for Leave to Appeal by INFINITY ACCESS LLC, SCOTTSDALE INSURANCE COMPANY [171] be, and the same hereby is, DENIED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

necessary. For now, the parties shall proceed in accord with the Magistrate Judge's most recent decision on the issue.