**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LIBERTY INTERNATIONAL UNDERWRITERS CANADA,<br>      Plaintiff,<br><br>    v.<br><br><br>SCOTTSDALE INSURANCE COMPANY and INFINITY ACCESS LLC,<br>      Defendants. | Civil No. 12-4934 (NLH/JS)<br><br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**

STEPHEN ALLEN LONEY, JR.
HOGAN LOVELLS US LLP
1835 MARKET STREET, 29th FLOOR
PHILADELPHIA, PA 19103

MARK C. GOODMAN (pro hac vice)
HOGAN LOVELLS US LLP
3 EMBARCADERO CENTER, 15TH FLOOR
SAN FRANCISCO, CA 94111
    *On behalf of Plaintiff Liberty International
    Underwriters Canada*

GARY S. KULL
APRIL T. VILLAVERDE
CARROLL, McNULTY & KULL LLC
120 MOUNTAIN VIEW BLVD.
P.O. BOX 650
BASKING RIDGE, NJ 07920

LISA MARTIN LAMPKIN (pro hac vice)
SELMAN BREITMAN LLP
11766 WILSHIRE BOULEVARD, 6TH FL.
LOS ANGELES, CA 90025
    *On behalf of Defendants Scottsdale Insurance
    Company and Infinity Access LLC*

**HILLMAN, District Judge**

WHEREAS, pending before the Court is the motion [180] of plaintiff, Liberty International Underwriters Canada ("Liberty"), for sanctions arising out of the motions and discovery requests filed by Defendants, Scottsdale Insurance Company and Infinity Access LLC, regarding the Magistrate Judge's handling of a discovery dispute involving Defendants' request for documents Liberty claims are protected by the attorney-client privilege and work-product doctrine[1]; and

WHEREAS, Liberty, moving pursuant to 28 U.S.C. § 1927[2], "seeks the legal expenses it incurred in (a) responding to the defendants' groundless appeal of the Magistrate Judge's privilege rulings, (b) moving to quash and/or preclude issuance of subpoenas for attorney discovery that the defendants unreasonably pursued while also continuing to litigate party

---

[1] This action concerns claims by Liberty against Defendants to recover $1 million plus attorneys' fees that Liberty paid in November 2011 to settle a lawsuit where it was alleged that Infinity, a subcontractor to Liberty's insured Tractel, LTD., started a fire at the Borgata Hotel, Casino and Spa in Atlantic City, New Jersey. Defendants contend, among other defenses, that Liberty's lawsuit is barred by the terms of the settlement agreement Tractel entered into with Borgata.

[2] 28 U.S.C. § 1927 provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

2

discovery issues that the defendants had already conceded should be resolved first; and (c) litigating this motion for sanctions" (Docket No. 180-1 at 6); and

WHEREAS, as the Court noted in its denial of Defendants' most recent motion seeking leave to appeal the Magistrate Judge's ruling (Docket No. 226 at 2-3), the dispute over these documents had been raised to this Court twice before: (1) on the cross-motions by Liberty and Defendants appealing the Magistrate Judge's decision that some of Liberty's privileged documents should be produced to Defendants, and (2) on Liberty's motion asking the Court to reconsider its denial of the parties' cross-motions; and

WHEREAS, the Court denied Defendants' motion for leave to appeal, finding that the Magistrate Judge's final decision was not clearly erroneous or contrary to law (Docket No. 226 at 6); and

WHEREAS, Liberty alleges in its instant motion that by Defendants filing their motion for leave to appeal, they have vexatiously multiplied the proceedings, which is a pattern that they have followed throughout the litigation; and

WHEREAS, Defendants reject Liberty's position, arguing that that "[t]he record is clear that Defendants and their counsel have pursued discovery and motion practice [in] good faith and pursuant to supportable law," and "[e]qually clear is the fact

3

that Defendants' counsels' conduct certainly does not in any way rise to a willful abuse of the judicial process that is tantamount to bad faith – which is the standard that must be satisfied before sanctions are awarded" (Docket No. 185 at 1); and

WHEREAS, the Court has considered the parties' arguments, and notes that (1) Liberty and Defendants have now each raised the privileged documents issue before this Court twice, (2) Liberty initially appealed the Magistrate Judge's decision because he decided in Defendants' favor, and Defendants cross-appealed because they requested the disclosure of even more documents than ordered by the Magistrate Judge, (3) Liberty sought reconsideration of the Court's affirmance of the Magistrate Judge's initial decision, (4) Liberty effectively prevailed on its motion for reconsideration, with this Court remanding the issue to the Magistrate Judge for a renewed analysis of the privilege-piercing issue, (5) Liberty prevailed on the Magistrate Judge's reconsideration, where he changed course and found that all of Liberty's documents were protected from disclosure, and (6) Defendants sought this Court's review of the issue, since they had previously prevailed in their efforts to obtain Liberty's documents; and

WHEREAS, the Court finds that the litigation efforts by both sides relating to Liberty's privileged documents stand in equipoise; and

WHEREAS, the Court further notes that the Magistrate Judge has recently issued several lengthy Text Orders chastising the parties (see Docket No. 202, 203, 206), including stating, "Having received the parties' July 20, 2017 letters, the Court regrets now knowing that plaintiff's candor to the Court is less than forthcoming.  The Court now knows that plaintiff did not make itself available for defendant's expert depositions the first two weeks of July and on July 18.  Nevertheless, the Court is tired of addressing the unnecessary bickering that has regularly occurred in the case and will not waste any more time on an issue that never should have been brought to its attention. . . .  Further, the Court will not sanction defendant when its submission [Doc. No. 204] evidences that it attempted to address plaintiff's concerns in an appropriate and professional manner.  The Order to Show Cause directed to defendant is VACATED.  The Court regrets defendant had to waste valuable time on this matter as did the Court." (Docket No. 206); and

WHEREAS, the Court finds that Liberty has not demonstrated that Defendants have multiplied the proceedings unreasonably and

5

vexatiously in violation of 28 U.S.C. § 1927 such that Liberty is entitled to the fees and costs it seeks;

Accordingly,

IT IS on this ___6th___ day of ___October___, 2017

ORDERED that the MOTION for Sanctions for Payment of Costs, Fees and Expenses by LIBERTY INTERNATIONAL UNDERWRITERS CANADA [180] be, and the same hereby is, DENIED.


At Camden, New Jersey                  ___s/ Noel L. Hillman___
                                               NOEL L. HILLMAN, U.S.D.J.