[Doc. No. 272]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **LIBERTY INTERNATIONAL UNDERWRITERS, CANADA,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  Civil No. 12-4934 (NLH/JS) |
| | : |
| **SCOTTSDALE INSURANCE COMPANY, et al.,** | : |
| | : |
| Defendants. | : |

**O R D E R**

This matter is before the Court on the "Consolidated Motion to Seal" ("motion") [Doc. No. 272] filed by plaintiff Liberty International Underwriters Canada ("plaintiff"). Defendants Scottsdale Insurance Company and Infinity Access, LLC (collectively, "defendants") do not oppose this motion. The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the following reasons, the motion is GRANTED in part and DENIED in part.

The parties seek to redact and seal the following:

- Exhibits 21, 26 and 39 to Scottsdale's Motion for Summary Judgment [Doc. No. 215-3, 215-5 and 215-6]

- Exhibits I, K and L to defendants' Motion to Strike [Doc. No. 220-2, 220-3 and 220-4]

1

- Exhibits 20, 27 and 46 to plaintiff's Motion for Summary Judgment [Doc. No. 222, 222-1 and 222-2]
- Exhibits 18, 23, 24 and 25 to Infinity Access' Motion for Summary Judgment [Doc. No. 259-3, 259-6 and 259-7]
- Exhibits P and W to plaintiff's Opposition to Infinity Access's Motion for Summary Judgment [Doc. No. 268-1 and 268-2][1]

The motion will be granted as to Doc. Nos. 215-3, 215-5, 215-6, 220-2, 220-3, 220-4, 222, 222-2, 259-3, 259-6, 259-7 and 268-1. The motion will be denied as to the remaining documents [Doc Nos. 222-1 and 268-2].

It is well-established there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id.

---

[1] The parties have also agreed to unseal the following exhibits previously filed under temporary seal: Exhibits 12, 13 and 23 to Scottsdale's Motion for Summary Judgment [Doc. Nos. 215-1, 215-2 and 215-4] and Exhibits 11, 12 and 20 to Infinity Access' Motion for Summary Judgment [Doc. Nos. 259-1, 259-2 and 259-4].

(citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

The applicable requirements to seal documents are set forth in L. Civ. R. 5.3(c), which requires that a motion to seal describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3).

Here, the motion is properly supported by the "Declaration of Stephen A. Loney, Jr." and an attached index. [Doc. No. 272-1]. The parties contend some of the information they seek to seal constitutes "privileged attorney-client communications." See Mot. at 4. The parties further aver that the information "reveals competitively sensitive internal practices and methods for evaluating and handling insurance claims." Id. at 6.

The Court has reviewed the subject materials in detail to decide this motion and finds that the parties have failed to meet their burden under L. Civ. R. 5.3 and the applicable case law as to Doc. Nos. 222-1 and 268-2. This is so because there is a less restrictive alternative available to the relief sought. "A motion to seal is overbroad where the moving party's interests 'can be adequately served by filing a more narrowly tailored' motion to

seal." In re Benicar (Olmesarten) Prods. Liab. Litig., C.A. No. 15-2606 (RBK/JS), 2016 WL 266353, at *70-71 (D.N.J. Jan. 21, 2016) (citing Bock v. Pressler & Pressler, LLP, C.A. No. 11-7593 (KM/MCA), 2014 WL 1233039, at *3(D.N.J. Mar. 25, 2014)). The Court finds there is a less restrictive alternative available as to the documents in the form of more narrowly tailored redactions. See In re: Benicar, 2016 WL 266353, at *4. ("[W]here a less restrictive alternative exists . . . a motion to seal will fail."). For example, the parties seek to seal the entirety of Doc. Nos. 222-1 and 268-2. One of the documents included is a safety manual given to Infinity Access employees. The manual contains general information regarding workplace safety that does not divulge any sensitive business information. While the Court recognizes there could be a legitimate private interest in keeping portions of the documents sealed, redacting the entirety of the documents is not necessary to protect the confidential information. Accordingly, more narrowly tailored redactions are available. Because there is a less restrictive alternative to the relief sought, the motion will be denied as to Doc. Nos. 222-1 and 268-2.

As to the remaining documents [Doc. Nos. Doc. Nos. 215-3, 215-5, 215-6, 220-2, 220-3, 220-4, 222, 222-2, 259-3, 259-6, 259-7 and 268-1], the Court agrees with the parties and finds if the subject materials are made public, the parties could be harmed by

4

way of competitive disadvantage in the marketplace and injury to their business interests.

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 12th day of June, 2018, that the "Consolidated Motion to Seal" [Doc. No. 272] is GRANTED in part and DENIED in part; and it is further

ORDERED that the "Consolidated Motion to Seal" [Doc. No. 272] is GRANTED as to Doc. Nos. 215-3, 215-5, 215-6, 220-2, 220-3, 220-4, 222, 222-2, 259-3, 259-6, 259-7 and 268-1; and it is further

ORDERED that the "Consolidated Motion to Seal" [Doc. No. 272] is DENIED without prejudice as to Doc. Nos. 222-1 and 268-2; and it is further

ORDERED that the parties are granted leave to refile a motion to seal pursuant to L. Civ. R. 5.3(c), as amended, as to Doc. Nos. 222-1 and 268-2 by June 26, 2018. If the Motion is not timely filed, the Clerk of the Court is directed to unseal the subject materials; and it is further

ORDERED that to the extent not already done, the Clerk of the Court shall unseal Doc. Nos. 215-1, 215-2, 215-4, 259-1, 259-2 and 259-4.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

5