# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIBERTY INTERNATIONAL UNDERWRITERS CANADA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SCOTTSDALE INSURANCE COMPANY and INFINITY ACCESS LLC,<br><br>　　　　Defendants. | Civil No. 12-4934 (NLH/JS)<br><br>**ORDER**<br>**[219, 273, 274, 283]** |

Upon consideration of the parties' motions to strike the reports of the four experts, their oppositions thereto, and oral argument held on the record, and

WHEREAS, Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a)　the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)　the testimony is based on sufficient facts or data;

(c)　the testimony is the product of reliable principles and methods; and

(d)　the expert has reliably applied the principles and methods to the facts of the case.

　　and;

WHEREAS, the Third Circuit has described the requirements of Federal Rule of Evidence 702 as a "trilogy of restrictions on expert testimony: qualification, reliability and fit." Calhoun v. Yamaha Motor Corp., 350 F.3d 316, 321 (3d Cir. 2003) (quoting Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404-05 (3d Cir. 2003)("[T]he district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury.")); and

WHEREAS a witness "must be qualified to testify as an expert." Calhoun, 350 F.3d at 321. This "requires 'that the witness possess specialized expertise.'" Id. (quoting Schneider, 320 F.3d at 405); and

WHEREAS the Third Circuit "interpret[s] this requirement liberally," and an expert can be qualified through "a broad range of knowledge, skills, and training." Id. (quoting In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741 (3d Cir. 1994)); and

WHEREAS this "liberal policy of admissibility extends to the substantive as well as the formal qualification of experts." In re Paoli, 35 F.3d at 741 (noting the Third Circuit has "eschewed imposing overly rigorous requirements of expertise and ha[s] been satisfied with more generalized qualifications."); and

2

WHEREAS "it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the expert does not have the specialization that the court considers most appropriate." Lauria v. AMTRAK, 145 F.3d 593, 598-99 (3d Cir. 1998) (quoting Holbrook v. Lykes Bros. S.S. Co., 80 F.3d 777, 782 (3d Cir. 1996)). Indeed, experts can be qualified "on the basis of practical experience alone, and a formal degree, title, or educational specialty is not required." Id. "[I]nsistence on a certain kind of degree or background is inconsistent" with Third Circuit jurisprudence. In re Paoli, 916 F.2d at 855; and

WHEREAS an expert witness's "testimony must be reliable." Calhoun, 350 F.3d at 321. "To establish reliability, the testimony 'must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his . . . belief.'" Furlan v. Schindler Elevator Corp., 516 F. App'x 201, 205 (3d Cir. 2013) (quoting Schneider, 320 F.3d at 404); and

WHEREAS "in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the Supreme Court charged trial judges with the responsibility of acting as 'gatekeepers' to exclude unreliable expert testimony." Calhoun, 350 F.3d at 320-21 (quoting Daubert, 509 U.S. at 597); and

3

WHEREAS Federal Rule of Evidence 703 provides:

> An expert may base an opinion on facts or data in the case that the expert has been aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

"[E]xperts in various fields may rely properly on a wide variety of sources and may employ a similarly wide choice of methodologies in developing an expert opinion." Cooper v. Carl A. Nelson & Co., 211 F.3d 1008, 1020 (7th Cir. 2000); and

WHEREAS "there may be some circumstances where one's training and experience will provide an adequate foundation to admit an opinion and furnish the necessary reliability to allow a jury to consider it . . . ." Oddi v. Ford Motor Co., 234 F.3d 136, 158 (3d Cir. 2000). "Cases where courts have allowed testimony based on the experience of the expert often involve testimony as to custom and practice that has been acquired via such experience." W. Am. Ins. Co. v. Jersey Cent. Power & Light Co., No. 03-6161, 2008 WL 5244232, at *8 (D.N.J. Dec. 15, 2008); and

WHEREAS "as for fit, 'the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.'" Furlan, 516 F. App'x at 205 (quoting Schneider, 320

4

F.3d at 404).

> This standard is not intended to be a high one, nor is it to be applied in a manner that requires the plaintiffs "to prove their case twice – they do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable."

Oddi, 234 F.3d at 145 (quoting In re Paoli, 35 F.3d at 744); and

WHEREAS arguments for excluding testimony carry substantially less weight when the Court acts as fact-finder. "[W]here the Court itself acts as the ultimate trier of fact at a bench trial, the Court's role as a gatekeeper pursuant to Daubert is arguably less essential." Magistrini v. One Hour Martinizing Dry Cleaning, 180 F. Supp. 2d 584, 596 n.10 (D.N.J. Jan. 4, 2002); accord Warner Chilcott Labs. Ir., Ltd. v. Impax Labs., Inc., Nos. 08-6304, 09-2073, 09-1233, 2012 WL 1551709, at *23 (D.N.J. Apr. 30, 2012) ("[T]he gatekeeping function of the court is relaxed in the context of a bench trial because a court is better equipped than a jury to weigh the probative value of expert evidence."); Alco Indus. v. Wachovia Corp., 527 F. Supp. 2d 399, 405 (E.D. Pa. 2007) ("In the context of preparing for a bench trial, it is not necessary to apply the Daubert standard with full force in advance of trial. Rather, the court has the flexibility to allow testimony provisionally and revise its view once the testimony is taken." (citation omitted) (citing In re

5

Salem, 465 F.3d 767, 777 (7th Cir. 2006))); Gannon v. United States, 571 F. Supp. 2d 615, 616 (E.D. Pa. 2007) ("In a bench trial, th[e] Court's 'role as gatekeeper pursuant to Daubert is arguably less essential' because a judge rather than a jury is the fact finder." (quoting Clark v. Richman, 339 F. Supp. 2d 631, 648 (M.D. Pa. 2004))); and

WHEREAS the Court finds that all four proposed expert witness are qualified as experts on the subject of industry practice and custom as it relates to insurance for construction projects of the type at issue in this case or the management of such projects as it relates to insurance, or both; and

FURTHER that the same training and experience related to qualifications also make the proffered opinions sufficiently reliable to be considered by the Court; and

FURTHER that the proffered expert's testimony is relevant for the purposes of the case and will assist the Court as trier of fact; and

WHEREAS the Court is mindful and the Parties are reminded that "[a]lthough Federal Rule of Evidence 704 permits an expert witness to give testimony that 'embraces an ultimate issue to be decided by the trier of fact,' an expert witness is prohibited from rendering a legal opinion." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 217 (3d Cir. 2006) ("the line between admissible and inadmissible expert testimony as to the customs

6

and practices of a particular industry often becomes blurred when the testimony concerns a party's compliance with customs and practices that implicate legal duties."); and

THEREFORE,

IT IS on this   29th   day of   June  , 2018

ORDERED that the MOTION to Strike the Report and Testimony of Plaintiff's Expert Robert C. McCue, P.E. by INFINITY ACCESS LLC, SCOTTSDALE INSURANCE COMPANY [219], the MOTION to Strike Report, Opinions and Testimony of Jim Leatzow by LIBERTY INTERNATIONAL UNDERWRITERS CANADA [273], the MOTION to Strike Report, Opinions and Testimony of Joseph F. Moore by LIBERTY INTERNATIONAL UNDERWRITERS CANADA [274], and the MOTION in Limine to Strike Plaintiff's Expert Jeffrey McKinley by INFINITY ACCESS LLC, SCOTTSDALE INSURANCE COMPANY [283] be, and the same hereby are, DENIED, but with the following limitations on these experts' testimony:

1. The experts' testimony must be solely limited to the custom and practices within the industry as it relates to construction contracts of this kind;
2. The Court will bar any testimony that crosses the line into legal advocacy, including, for example, testimony as to what evidence exists or does not exist in the record except to the extent such testimony is directly relevant to the scope of any proper opinion; and

3. The experts may not opine on legal issues that are for the Court to decide such as, for example, the scope of terms of the parties' contractual relationship including provisions for insurance, if any.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.